UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOSHUA GABRIELLE VILLANUEVA-ROSE, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:22-CV-234-RLM-MGG |
| JASON ENGLISH, | |
| Defendant. | |

OPINION AND ORDER

Joshua Gabrielle Villanueva-Rose, a prisoner without a lawyer, filed an amended complaint alleging various problems with his food at the Westville Correctional Unit. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

The Eighth Amendment protects prisoners from conditions that "exceed contemporary bounds of decency of a mature, civilized society." Jackson v. Duckworth, 955 F.2d 21, 22 (7th Cir. 1992). "Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment's prohibition against cruel and unusual punishment." Rice ex rel. Rice v. Corr. Med. Servs., 675 F.3d 650 (7th

Cir. 2012). "Prisoners have a right to adequate food, but not to food that is tasty or even appetizing." Isby v. Brown, 856 F.3d 508, 522 (7th Cir. 2017) (*quoting* Williams v. Berge, 102 F. App'x 506, 507 (7th Cir. 2004)).

Many of the complaint's allegations don't state a claim on which relief can be granted because they just allege the food was unappetizing. The complaint alleges lunches were served late, sometimes simultaneously with dinner. Some meals were cold. Some had small portions or were missing items such as jelly, peanut butter, milk, or coffee. Some were stored without covers before they were served. Some included stale bread, cereal, and cake.

Other allegations might state a claim if Mr. Villanueva-Rose provided more details and explained how Aramark Supervisor Jason English was personally involved. The complaint alleges some meals were served frozen. Some were served with "rat feces, bugs, hair, dirt, or dust balls . . .." ECF 8 at 2. Some were served with moldy, spoiled, and rotten food. Some lacked proper nutrition. The complaint doesn't provide dates when this happened, nor describe what Jason English did to cause any of these conditions. Is he sending frozen food from the kitchen or does it freeze later? Is he sending food from the kitchen with feces, bugs, mold, etc., or is it being contaminated later? Mr. Villanueva-Rose must explain why he believes the meals lack proper nutrition. Conclusory allegations are insufficient. He must also explain how he knows he consumed contaminated food given the complaint says, "[w]hen I do catch infected trays, the correctional officer always provides a substitute." ECF 8 at 4.

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic v. Twombly, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic v. Twombly, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." Swanson v. Citibank, N.A., 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

This complaint doesn't provide enough facts to state a claim for which relief can be granted. Mr. Villanueva-Rose can file an amended complaint if he believes he can state a claim against based on (and consistent with) the events described in this complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." Abu-Shawish v. United States, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he must write this cause number on a **Pro Se 14 (INND Rev.**

**2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he must send it to the court.

For these reasons, the court:

(1) GRANTS Joshua Gabrielle Villanueva-Rose until **June 21, 2022**, to file an amended complaint; and

(2) CAUTIONS Mr. Villanueva-Rose if he doesn't respond by June 21, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint doesn't state a claim for which relief can be granted.

SO ORDERED on May 18, 2022

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT
