UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOSHUA GABRIELLE VILLANUEVA-ROSE, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:22-CV-234-RLM-MGG |
| JASON ENGLISH, | |
| Defendant. | |

OPINION AND ORDER

Joshua Gabrielle Villanueva-Rose, a prisoner without a lawyer, filed a complaint that didn't state a claim. The court gave him leave to file an amended complaint and told him that some of his "allegations might state a claim if Mr. Villanueva-Rose provided more details and explained how Aramark Supervisor Jason English was personally involved." He filed an amended complaint, and the court will now screen it. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Villanueva-Rose alleges meals were short or missing items. The earlier complaint mentioned jelly, peanut butter, milk, and coffee. This one mentions butter

and peanut butter. The first complaint alleged his bread, cereal, and cake were stale; this one mentions bread and cereal. The first complaint speculated that the meals lacked proper nutrition. He was told he needed to provide facts and explain why he believed they were insufficient. This complaint simply alleges they were messed up. "Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment's prohibition against cruel and unusual punishment." Rice ex rel. Rice v. Corr. Med. Servs., 675 F.3d 650 (7th Cir. 2012). "Prisoners have a right to adequate food, but not to food that is tasty or even appetizing." Isby v. Brown, 856 F.3d 508, 522 (7th Cir. 2017) (*quoting* Williams v. Berge, 102 F. App'x 506, 507 (7th Cir. 2004)). This complaint alleges he had a hair in his food. That's unpleasant but not a constitutional violation.

Mr. Villanueva-Rose alleges that he became sick in November 2021and was prescribed medication he still takes today. Despite having been told he needed to provide more details about his allegations, he didn't do so. It's unclear what caused his illness and what medication he was prescribed. He hasn't provided facts from which it can be plausibly inferred that his sickness was caused by something he ate or that the medication is related to a food-based illness. A complaint must contain enough factual matter to "state a claim that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic v. Twombly, 550 U.S. at 556). "Factual allegations must

2

be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic v. Twombly, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." Swanson v. Citibank, N.A., 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

More critically, Mr. Villanueva-Rose doesn't allege facts showing Aramark Supervisor Jason English (the only defendant) was personally responsible for the contamination he speculates caused his illness in November 2021. He alleges Supervisor English is the kitchen director; that he responsible for the Aramark staff; and that he didn't respond to complaints. "Only persons who cause or participate in the violations are responsible." George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." Burks v. Raemisch, 555 F.3d 592, 596 (7th Cir. 2009). "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause . . .." Owens v. Hinsley, 635 F.3d 950, 953 (7th Cir. 2011). "[P]rison officials who reject prisoners' grievances

do not become liable just because they fail to ensure adequate remedies." <u>Est. of Miller by Chassie v. Marberry</u>, 847 F.3d 425, 428 (7th Cir. 2017).

The first complaint didn't state a claim, so the court gave Mr. Villanueva-Rose leave to file an amended complaint, but it doesn't state a claim either.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A because the complaint does not state a claim for which relief can be granted even after Joshua Gabrielle Villanueva-Rose was granted the opportunity to file an amended complaint.

SO ORDERED on November 3, 2022

s/ Robert L. Miller, Jr.<br>
JUDGE<br>
UNITED STATES DISTRICT COURT